ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2018-Aug-10  14:18:23
60CV-18-5658
C06D12 : 17 Pages

# IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

Jordyn Hastings,                                                    **PLAINTIFF**

vs.                              **CASE NO. CV** _____

Safeguard Security and Surveillance, Inc.

American Homesecures, Inc.,

Ashish Bhatia                                          **DEFENDANTS**

## COMPLAINT FOR DAMAGES PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. 227, ET SEQ.

Comes now the Plaintiff and for her Complaint for Damages against Defendants states:

## PARTIES, JURISDICTION AND VENUE

1.     Plaintiff, Jordyn Hastings, is a resident of the state of Arkansas, Pulaski County, residing in Little Rock.

2.     Defendant, Safeguard Security and Surveillance, Inc.  (Safeguard), is a Connecticut company with its corporate office in Windsor Locks, Hartford County, Connecticut, which advertises and transacts business in the state of

1

Arkansas including Pulaski County.  Safeguard may be served through its registered agent, Mark Theriaque, 1 Corporate Drive, Windsor Locks, Connecticut- 06096.

3.      Defendant, American Homesecures, Inc. (Homesecures), is a Texas company with its corporate office in Dallas, Dallas County, Texas, which advertises and transacts business in the state of Arkansas including Pulaski County. Homesecures may be served through its registered agent, Ashish Bhatia, 325 Saint Paul Street 2170, Dallas, Texas- 75201.

4.      Defendant Ashish Bhatia, is the principal, managing member and, upon information and belief, the Primary Owner of Homesecures.  Mr. Bhatia is a resident of the state of Texas, residing at 755 Greenway Dr , Coppell, TX 75019. As owner/principal of Homesecures, Mr. Bhatia is the primary beneficiary of the tortious conduct and illegal marketing described herein that is technically carried out in Homesecure's name only.  Such tortious conduct exceeds the permissible actions of corporations in Arkansas, Texas and nationwide. At all times mentioned herein, Safeguard, Homesecures and Mr. Bhatia, (Defendants), and each of them, were an agent or joint venture of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency.  Each defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and

ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

5.      Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein.  In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of, each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct.  At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

6.      This Court has jurisdiction over this matter and the parties hereto pursuant to Ark. Code Ann. § 16-4-101 and venue is proper pursuant to Ark. Code Ann. § 16-55-213.

7.      The TCPA specifically states that this Court shall have jurisdiction over violations of 47 U.S.C. § 227(b), pursuant to 47 U. S. C. §227(b)(3), (c)(5).

3

## **BACKGROUND**

### **The Telephone Consumer Protection Act**

8.     In 1991, Congress enacted the TCPA to regulate the explosive growth

of the telemarketing industry.  In so doing, Congress recognized that

"[u]nrestricted telemarketing… can be an intrusive invasion of privacy[.]"

Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243. §2(5)(1991)(47

U.S.C. § 227).

9.     The National Do Not Call Registry allows consumers to register their

telephone number and thereby indicate their desire not to receive telephone

solicitations at those numbers.  See 47 C.F.R. § 64.1200(c)(2).  A listing on the

Registry "must be honored indefinitely, or until the registration is cancelled by the

consumer or the telephone number is removed by the database administrator." Id.

10.     The TCPA and implementing regulations prohibit the initiation of

telephone solicitations to residential telephone subscribers to the Registry. 47

U.S.C. § 227; 47 C.F.R. § 64.1200(c)(2).

### Automated Telemarketing Calls are Prohibited by the TCPA

11.     The TCPA makes it unlawful "to make any call (other than a call

made for emergency purposes or made with the prior express consent of the called

party) using an automatic telephone dialing system or an artificial or prerecorded

voice... to any telephone number assigned to a... cellular telephone service." See

47 U.S.C. § 227(b)(1)(A)(iii).  The TCPA provides a private cause of action to

persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A).  See 47 U.S.C.

§ 227(b)(3).

12.  "Voluminous consumer complaints about abuses of telephone

technology - for example, computerized calls dispatched to private homes -

prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct.

740, 744 (2012).

13.    In enacting the TCPA, Congress intended to give consumers a choice

as to how creditors and telemarketers may call them, and made specific findings

that "[t]echnologies that might allow consumers to avoid receiving such calls are

not universally available, are costly, are unlikely to be enforced, or place an

inordinate burden on the consumer. TCPA, Pub.L. No. 102-243, § 11. Toward this

end, Congress found that:

> "[b]anning such automated or prerecorded telephone calls to the home,
>
> except when the receiving party consents to receiving the call or when such
>
> calls are necessary in an emergency situation affecting the health and safety

of the consumer, is the only effective means of protecting telephone

consumers from this nuisance and privacy."

Id. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012

WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on

TCPA's purpose).

<u>The TCPA Imposes Personal Liability on Individuals Who Participate in or</u>

<u>Commission Telemarketing Calls.</u>

14.    Under the TCPA, an individual such as Mr. Bhatia may be personally

liable for the facts alleged in this Complaint pursuant to 47 U.S.C. § 217, which

reads in part, "[T]he act, omission, or failure of any agent, or other person acting

for or employed by any common carrier or user, acting within the scope of his

employment, shall in every case be deemed to be the act, omission, or failure of

such carrier or user *as well as of that person.* 47 U.S.C. § 217 (emphasis added).

15.    When considering individual officer liability, other courts have agreed

that a corporate officer involved in the telemarketing at issue may be personally

liable under the TCPA.  See, e.g., *Jackson's Five Star Catering, Inc. v. Beason*,

2013 WL 5966340, at *4 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held

that corporate actors can be individually liable for violating the TCPA "where they

had direct, personal participation in or personally authorized the conduct found to

have violated the statute."") *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415016 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force."). See also, *Sandusky Wellness Center, LLC v. Wagner Wellness, Inc.*, 2014 1333472 at *3 (N.D. Ohio Mar. 28, 2014)).

16.     Defendant Bhatia is personally liable under the "participation theory" of liability because he is the Principal owner of Homesecures, he knew about Homesecures' violations and he directed employees and/or agents of Homesecures to continue making violations.  Mr. Bhatia authorized and oversaw Homesecures' marketing process.

17.     Furthermore, Mr. Bhatia was responsible for Homesecures' TCPA compliance and is, therefore, personally liable.

## FACTS AND ALLEGATIONS COMMON TO ALL COUNTS

18.     Plaintiff, Jordyn Hastings, is a resident of Little Rock, Pulaski County, Arkansas.

19.     Mrs. Hastings is the authorized user of and controls her personal cell phone number: (870) 723-0558.

20.     Defendants are in the business of selling security systems and monitoring.

21.     Defendants use telemarketing to promote their products/services.

22.     On eight (8) occasions, between the dates of August 29, 2017 and September 11, 2017, Defendants placed automatically-dialed telemarketing calls to Plaintiff's personal cellular telephone number, (870) 723-0558 from various fraudulent "spoofed" phone numbers.

23.     On August 29, 2017, 12:58 pm, Defendants placed the first call from 1-504-605-2045 to Plaintiff's personal cell-phone.  This call was answered by Plaintiff's husband in her presence and she was subjected to prerecorded messages advertising home security systems.

24.     On August 29, 2017, 1:08 pm, Defendants placed the second call from 1-504-605-2045 to Plaintiff's personal cell-phone.  This call was answered by Plaintiff and she was subjected to prerecorded messages advertising home security systems.

25.     On August 29, 2017, 1:12 pm, Defendants placed a third call from 1-601-319-7633 to Plaintiff's personal cell-phone.  This call was answered by Plaintiff's husband in Plaintiff's presence and a telemarketer attempted to sell "Safeguard Security and Surveillance" products and services.  The caller gave

8

Safeguard's website address- "safeguardssinc.com" and a customer service number- (1-800-491-7119).  This customer service number is listed on Homesecures' website as its customer service number.

26.    On August 29, 2017, 2:39 pm, Defendants placed a fourth call from 1-870-492-4584 to Plaintiff's personal cell-phone.  This call was answered by Plaintiff and she was subjected to prerecorded messages advertising home security systems.

27.    On September 6, 2017, 1:10 pm, Defendants placed the fifth call from 1-601-909-2811 to Plaintiff's personal cell-phone.  This call was answered by Plaintiff's husband with Plaintiff present and she was subjected to prerecorded messages advertising home security systems.

28.    On September 11, 2017, 10:46 am, Defendants placed the sixth call from 1-870-218-5528 to Plaintiff's personal cell-phone.  This call was answered by Plaintiff and she was subjected to prerecorded messages advertising home security systems.

29.    On September 11, 2017, 10:49 am, Defendants placed the seventh call from 1-662-670-9150 to Plaintiff's personal cell-phone.  This call was answered by Plaintiff and she was subjected to prerecorded messages advertising home security systems.

30.    On September 11, 2017, 11:00 am, Defendants placed the eighth call from 1-214-396-3328 to Plaintiff's personal cell-phone.  This call was answered by Plaintiff and she was subjected to prerecorded messages advertising home security systems.

31.    Plaintiff has no business relationship with the Defendants and never requested, prompted or consented to these calls. They were placed to her personal cellular phone for no legitimate purpose other than to solicit business for Defendants.

32.    These eight (8) calls were placed using automated dialing equipment as evidenced by prerecorded "AI" messages and/or long, silent pauses after answering, and computerized "click" sound, followed by the call being transferred to a sales person.

33.    At no time did Plaintiff give consent to be called by Defendants. Interest was feigned by Plaintiff only in an attempt to identify the caller.

34.    Prior to, during and following these calls, Plaintiff did not do any business with Defendants or provide her cellular telephone number.

35.    Defendants did not have Plaintiff's prior express written consent to make these calls.

36.    Plaintiff's personal cell phone number, (870) 723-0558, was registered with the National Do Not Call Registry since August 25, 2005, more than 31 days prior to the calls.

37.    Plaintiff received these calls on her private cellular telephone, as defined and set forth in 47 C.F.R. § 64.1200(a)(1)(iii).  Plaintiff's telephone number is registered with AT&T as a cellular telephone number and is used for personal, lawful purposes.

38.    These telemarketing solicitations constituted "calls" under the TCPA that were not for emergency purposes.

39.    Plaintiff suffered actual damages, included but not limited to: invasion of privacy, depletion of her cell phone battery, wasting her time and cellular minutes/data and preventing Plaintiff from using her telephone for lawful, personal purposes.

40.    These telephone sales calls and/or "robocalls" violated 47 U.S.C. § 227(b)(1)(A), 47 U.S.C. § 227(c)(3)(F), 47 U.S.C. § 227(e), 47 CFR 64.1200(d)(1), 47 CFR 64.1200(d)(3), 47 CFR 64.1200(a)(1)(iii), 47 CFR 64.1200(a)(1), and 47 CFR 64.1200(c)(2).

## CAUSES OF ACTION

## COUNT 1- Negligent Violation of the TCPA's "Robocall" Prohibition, 47 U.S.C. § 227 et seq.

41.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

42.     As a result of Defendants' and/or Defendants' agents' negligent violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

43.     Pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## COUNT 2- Knowing or Willful Violation of the TCPA's "Robocall" Prohibition, 47 U.S.C. § 227 et seq.

44.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

45.     As a result of Defendants' and/or Defendants' agents' knowing or willful violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

46.   Pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## COUNT 3- Negligent Violation of the TCPA's "Sales Call" Prohibition, 17. U.S.C. § 227 et seq.

47.   Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

48.   As a result of Defendants' and/or Defendants' agents' negligent violations of 47 U.S.C. § 227(c)(3)(F) and 47 CFR 64.1200(c)(2), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

49.   Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## COUNT 4- Knowing and/or Willful Violation of the TCPA's "Sales Call" Prohibition, 17. U.S.C. § 227 et seq.

50.   Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

51.     As a result of Defendants' and/or Defendants' agents' knowing and/or willful violations of 47 U.S.C. § 227(c)(3)(F) and 47 CFR 64.1200(c)(2), Plaintiff seeks treble damages, as provided by statute, up to $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

52.     Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

**COUNT 5- Negligent Violation of the TCPA "Caller ID Spoofing"**

**Prohibition, 47 U.S.C. § 227 et seq.**

53.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

54.     As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(e), Plaintiff seeks for herself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

**COUNT 6- Knowing and/or Willful Violation of the TCPA**

**"Caller ID Spoofing" Prohibition, 47 U.S.C. § 227 et seq.**

55.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

14

56.   As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(e), Plaintiff seeks for herself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

## COUNT 7- Knowing violations of Arkansas' Deceptive Trade Practices Prohibition, A.C.A. § 4-88-107(a)(11)(A).

57.   Defendants or its/their agents willfully and knowingly employed deception when it concealed its true telephone number and caused its number to appear as if it came from various area codes through use of technology in violation of A.C.A. § 4-88-107(a)(11)(A) and is entitled to damages under A.C.A. § 4-88-113(f), to be determined by a jury.

## DAMAGES AND RELIEF SOUGHT

1.   For awards of $500 for each negligent violation as set forth in actions 1-6;

2.   For awards of $1,500 for each knowing and/or willful violation as set forth in counts 1-6.

3.   For award of damages for violations of A.C.A. § 4-88-107(a)(11)(A) and under A.C.A. § 4-88-113(f), to be determined by a jury.

4.      Injunctive relief against Defendants, and each of them, to prevent future wrongdoing;

Total statutory damages: **$36,000** (Eight counts each of: "sales call" "RoboCall", and "caller ID spoofing", with treble damages for each.)

5.      Prejudgment interest at the maximum legal rate;

6.      Costs of suit herein incurred; and

7.      All such other and further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands a jury trial on all issues triable to a jury.

**WHEREFORE**, Plaintiff, Jordyn Hastings, prays for the above-mentioned remedies, including but in no way limited to an award of her costs and reasonable attorney's fees incurred in connection with this matter, and for all other just and proper relief to which Mrs. Hastings may be entitled. Plaintiff reserves the right to add additional claims as they may arise through further factual investigation and discovery.

Respectfully Submitted,

Jason M. Ryburn, Esq.

BAR No. 2012-148

650 S. Shackleford Dr. Ste. 231

Little Rock, AR 72211

501-228-8100

jason@ryburnlawfirm.com