IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

JORDYN HASTINGS     PLAINTIFF

vs.     Case No. 18-cv-00682

SAFEGUARD SECURITY AND
SURVEILLANCE, INC., AMERICAN
HOMESECURES, INC. and
ASHISH BHATIA     DEFENDANTS

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
<u>FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FRCP R. 12(b)(2)</u>**

Defendants Safeguard Security and Surveillance, Inc. ("SafeGuard"), American Homesecures, Inc. ("AHS"), and Ashish Bhatia state as follows in support of their Motion to Dismiss for Lack of Personal Jurisdiction pursuant to FRCP R. 12(b)(2).

## I.    PRELIMINARY STATEMENT

SafeGuard is a Connecticut corporation with its principal place of business in Connecticut. AHS is a Texas corporation with its principal place of business in Texas. Ashish Bhatia is a resident of Texas and is the president of AHS. According to her Complaint, Plaintiff, an Arkansas resident, claims Defendants caused telemarketing calls to be placed to Plaintiff's cell phone and that these telemarketing calls contravened various provisions of the Telephone Consumer Protection Act ("TCPA"). As demonstrated by the annexed affidavits, this Court lacks personal jurisdiction over the two foreign corporate Defendants and over the one foreign individual Defendant. This is because Plaintiff cannot show that Defendants had the requisite contacts with Arkansas. Accordingly, Plaintiff's Complaint must be dismissed pursuant to FRCP R. 12 (b)(2).

## II.    LEGAL STANDARD

"Before [a] case can be reached on the merits, a challenge to the court's personal

jurisdiction is a threshold issue." *MSI, Inc. v. Botello*, 2001 WL 1134741 at *2 (Ark. Ct. App. Sept. 26, 2001). "The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception, for jurisdiction is the power to declare the law, and without jurisdiction the court cannot proceed at all in any cause." Id. citing *Rohrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999)) (quotations omitted). "[T]he plaintiff has the burden of proving that a non-resident defendant has sufficient contacts with Arkansas to be sued *in personam*." Id; *Burlington Indus., Inc., v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996). "While the facts adduced in a Rule 12(b)(2) motion must be viewed in a light most favorable to the party opposing the motion, there must nonetheless be some evidence upon which a *prima facie* showing of jurisdiction may be found to exist." *Smith v. Hobby Lobby Stores, Inc.*, 968 F. Supp. 1356, 1359 (W.D. Ark. 1997). Where, defendants submits affidavits controverting the plaintiff's jurisdictional claims, the burden is on the plaintiff to produce evidence of personal jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 n.13 (7th Cir. 2003) citing *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002)).

 III. LEGAL ARGUMENT

 A. **This Court Lacks Personal Jurisdiction over Defendants**

Claims against Defendants should be dismissed because Defendants have had no contacts with Arkansas. A federal court may assume jurisdiction over nonresident defendants only to the extent permitted by the long-arm statute of the forum state, and by the due process clause of the Fourteenth Amendment. *Burlington Indus., Inc., v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996). The jurisdiction of Arkansas courts over non-resident defendants is coextensive with the jurisdiction allowed by the Due Process Clauses of the Constitution. See Ark. Code Ann. § 16-4-

101(b). Due process requires "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Yanmar Co., Ltd. v. Slater*, 386 S.W.3d 439, 445 (Ark. 2012), quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "The defendant's conduct and connection with the forum state must be such that defendant should reasonably anticipate being haled into court there." *Burlington Indus., Inc.*, 97 F.3d at 1102. (internal quotes and citations omitted).

In order to find personal jurisdiction over a defendant, the court must find that it may exercise either (1) specific or (2) general jurisdiction. Specific jurisdiction requires that the defendant has purposefully directed its activities at forum residents, and the litigation results from injuries arising out of, or relating to, those activities. *Burlington*, 97 F.3d at 1103. However, if the plaintiff does not allege that jurisdiction is based on the defendant's activities directed at residents of the forum state, then the exercise of personal jurisdiction is general, not specific. Id. A defendant may be subject to the forum state's exercise of general personal jurisdiction only if its contacts with the state are continuous, systematic, and substantial. Id. Irrespective of whether jurisdiction is alleged to be specific or general, due process requires that (1) the nonresident defendant purposefully availed itself of the benefits and protections of the forum state by establishing minimum contacts with the state; and (2) the exercise of jurisdiction over the non-resident defendant would not offend traditional notions of fair play and substantial justice. Id. The "purposeful availment" standard exists to ensure that a defendant is not subject to suit in a jurisdiction based on "'random,' 'fortuitous,' or 'attenuated' contacts." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 542 (1985). Purposeful availment occurs only when a defendant created "a substantial connection" with the forum state by the defendant's own intentional conduct. Id.

Here, Plaintiff cannot satisfy either the general or specific personal jurisdiction standard.

### B.  General Jurisdiction Does Not Exist over Defendants

Defendants are not subject to general jurisdiction in Arkansas. In fact, the affidavits plainly show that Defendants have zero contacts with Arkansas. As is evident from the annexed affidavits, Defendants lack any contacts with Arkansas and thus an Arkansas court cannot exercise general jurisdiction over them. General jurisdiction can be exercised only where a defendant has "substantial, continuous and systematic" contacts with the forum. *Daimler AG v. Bauman*, 134 S. Ct. 746, 749 (2014).

For a nonresident corporation, general jurisdiction will attach only when "the corporation's affiliations with the State in which suit is brought are so constant and pervasive as to render [it] essentially at home in the forum State." See *Daimler AG v. Bauman*, 571 U.S. 20, 134 S. Ct. 746, 751 (2014) (emphasis added). For a nonresident corporation, the place of incorporation and principal place of business are the "paradigm all-purpose forums" for general jurisdiction. Id. at 760. "[R]arely, if ever will a corporation be 'at home' in a state in which it is not incorporated or does not have its principal place of business." *Sioux Transportation, Inc., v. XPO Logistics, Inc.*, 2015 WL 9412930 at *4 (W.D. Ark. Dec. 22, 2015). Here, there is no evidence that would support a conclusion that defendants are "essentially at home" in Arkansas. Id. at 751. None of the corporate Defendants have offices, employees, clients, or property in Arkansas, and they do not transact business in the state. See Exhibit A, Mark G. Theriaque Affidavit at ¶¶ 4-6 attached hereto. Accordingly, the corporate Defendants are not "essentially at home" in Arkansas – to the contrary, they have no contacts at all with Arkansas – and this Court lacks general jurisdiction over them. See, e.g., *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 650 (8th Cir. 2003) (parent

company with no Arkansas office, no authorization to conduct business in Arkansas, no bank accounts, and no personal property in Arkansas not subject to general personal jurisdiction); *Burlington Indus., Inc.*, 97 F.3d at 1103 (finding evidence of sales and phone calls within Arkansas was not sufficient for exercise of general jurisdiction over defendant where defendant had no offices in the state, was not registered there, and had no bank accounts, property, employees or agents in the state); *Valley View Agri, LLC v. Producers Coop. Oil Mill*, 2015 WL 6459981 at *4 (E.D. Ark. Oct. 26, 2015) (refusing to exercise general personal jurisdiction over parent corporation, holding while parent had continuous and systematic contacts with the state, the "contacts were not so continuous and systematic as to render it essentially at home in Arkansas.").

Moreover, there can be no finding of general jurisdiction as to Ashish Bhatia given that he has no contacts with Arkansas and has never even traveled to Arkansas. *Magic Toyota, Inc. v. Southeast Toyota Dist., Inc.*, 784 F. Supp. 306 (D.S.C. 1992), *(citing Columbia Briargate Co. v. First Nat'l Bank,* 713 F.2d 1052 (4th Cir. 1983)) (refusing to exercise personal jurisdiction over certain corporate owners and officers).

### C. There is No Basis for the Exercise of Specific Personal Jurisdiction over Defendants

Plaintiff likewise cannot establish specific jurisdiction over Defendants. Defendants have not purposefully directed activities toward Arkansas, and Plaintiff cannot show that her claims result from injuries that arise out of or relate to Defendants' activities in the state. See *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984); *Burlington*, 97 F.3d at 1103.

In Arkansas, courts evaluating specific jurisdiction assess the nonresident defendants' contacts with the forum state and consider five factors: (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts; (3) the relationship of the cause of action to

the contacts; (4) the interest of [the forum state] in providing a forum for its residents; and (5) the convenience or inconvenience to the parties." *Burlington*, 97 F.3d at 1103.  In conducting this analysis, the first three factors are of primary importance. Id.

Given the annexed affidavits, Plaintiff cannot show that Defendants had any contacts with Arkansas, let alone that Plaintiff's claims in this litigation arose from Defendants' activities, if any, in Arkansas.  Indeed, Defendants are not professionally licensed in Arkansas, do not transact business in Arkansas, maintain no offices or places of business in Arkansas, own no real property in Arkansas, and have no customers or employees in Arkansas.  See Exhibit A, Mark G. Theriaque Affidavit at ¶¶ 4-11; Exhibit B, Ashish Bhatia Affidavit at ¶¶ 2-13 and 18-25.  Further, the affidavits show that Defendants did not place the calls at issue.  Exhibit A at ¶ 10; Exhibit B at ¶¶ 16, 24.  As such, there is no evidence that Defendants purposefully availed themselves of the privileges of conducting business in Arkansas.  See *Burlington*, 97 F.3d at 1103 (sale of goods along with telephone calls in the state were insufficient contacts to confer specific personal jurisdiction over nonresident manufacturer).  As Defendants have no contacts with the state of Arkansas and did not make the calls at issue, Plaintiff cannot meet any of the factors of the five-factor test sufficient for the exercise of personal jurisdiction over Defendants.

Defendants acknowledge that a corporate agent can, theoretically, be held personally liable for torts committed in their corporate capacity. *Ripplemeyer v. Nat'l Grape Coop. Assoc., Inc.*, 807 F. Supp. 1439, 1446 (W.D. Ark. 1992).  If a corporate officer engages in tortious conduct in his corporate capacity in the forum, courts may consider this conduct as a contact with the forum that may be sufficient to support a finding of personal jurisdiction over the officer in his individual capacity.  *Birts v. Vermillion*, No. 08-CV-4011, 2009 U.S. Dist. LEXIS 87205, at *11-12 (W.D. Ark.

Sep. 23, 2009). But, Mr. Bhatia's affidavit indicates that he has no contacts with Arkansas -- either individually or in his corporate capacity -- and that neither he nor the corporate Defendants called Paintiff. Thus, there can be no basis for exercising personal jurisdiction over Mr. Bhatia individually and/or in his capacity as a corporate agent.

IV. CONCLUSION

For the reasons set forth above and in view of the annexed affidavits, Paintiff's Complaint must be dismissed pursuant to FRCP R. (b)(2).

Respectfully submitted,

BARBER LAW FIRM PLLC
425 W. Capitol Avenue, Suite 3400
Little Rock, AR 72201
501-372-6175 (main)
501-375-2802 (fax)

By: /s/ J. Carter Fairley
J. Carter Fairley #99068
ATTORNEY FOR DEFENDANTS
cfairley@barberlawfirm.com

CERTIFICATE OF SERVICE

I, J. Carter Fairley, hereby state that on this 15th day of October, 2018, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following or otherwise be forwarded via U.S. Mail to all counsel of record herein.

Jason M. Ryburn, Esq.
Ryburn Law Firm
650 S. Shackleford Dr., Ste. 231
Little Rock, AR 72211
**Attorney for Plaintiff**

/s/ J. Carter Fairley
J. Carter Fairley