IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

J‌ORDYN H‌ASTINGS                                                                                                        P‌LAINTIFF

vs.                                             Case No. 18-cv-00682

S‌AFEGUARD S‌ECURITY AND
S‌URVEILLANCE, I‌NC., A‌MERICAN
H‌OMESECURES, I‌NC. and
A‌SHISH B‌HATIA                                                                                                        D‌EFENDANTS

**D‌EFENDANTS' R‌EPLY M‌EMORANDUM IN F‌URTHER S‌UPPORT OF
T‌HEIR M‌OTION TO D‌ISMISS P‌LAINTIFF'S C‌OMPLAINT FOR
<u>L‌ACK OF P‌ERSONAL J‌URISDICTION P‌URSUANT TO FRCP R. 12(B)(2)</u>**

Defendants Safeguard Security and Surveillance, Inc. ("SafeGuard"), American Homesecures, Inc. ("AHS"), and Ashish Bhatia state as follows in Further Support of Their Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to FRCP 12(b)(2).

**I.      P‌RELIMINARY S‌TATEMENT**

Defendants' affidavits plainly demonstrate that their contact with Arkansas is either non-existent or, at a minimum, insufficient to confer personal jurisdiction.  (R. Docs. 9-1; 9-2).  In opposition, plaintiff has submitted a litany of immaterial, unauthenticated, and inadmissible exhibits (mostly pertaining to a non-party) cobbled together from a variety of sources.  Critically, even setting aside the threshold authentication and admissibility issues, none of plaintiff's exhibits refute a single averment in defendants' affidavits or otherwise show that, *inter alia*: a) defendants purposefully directed activities at forum residents and that the litigation resulted from injuries arising out of, or relating to, those activities; and b) defendants' affiliations with Arkansas are so constant and pervasive as to render them essentially at home in Arkansas.

For the reasons asserted in defendants' moving papers, and for the reasons set forth herein, plaintiff's claims must be dismissed for lack of personal jurisdiction.

1

**II.     PLAINTIFF'S EXHIBITS DO NOT REFUTE DEFENDANTS' AFFIDAVITS AND MANY OF THEM ARE NOT AUTHENTICATED AND CONSTITUTE INADMISSIBLE HEARSAY. THESE EXHIBITS SHOULD BE STRICKEN OR OTHERWISE DISREGARDED**

Plaintiff cannot show that defendants had any contacts with Arkansas, let alone that plaintiff's claims in this litigation arose from defendants' activities, if any, in Arkansas. It has been established that defendants are not professionally licensed in Arkansas, do not transact business in Arkansas, maintain no offices or places of business in Arkansas, own no real property in Arkansas, and have no customers or employees in Arkansas. See R. Doc. 9-1, Mark G. Theriaque Affidavit at ¶¶ 4-11; R. Doc. 9-2, Ashish Bhatia Affidavit at ¶¶ 2-13 and 18-25. Further, defendants' affidavits show that defendants did not place the calls at issue. R. Doc. 9-1 at ¶ 10; R. Doc. 9-2 at ¶¶ 16, 24. Given that defendants have no contacts with the state of Arkansas and did not make the calls at issue, plaintiff cannot meet any of the factors sufficient for the exercise of personal jurisdiction over defendants.

Where defendants submit affidavits controverting a plaintiff's jurisdictional claims, the burden shifts to plaintiff to produce evidence of personal jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 n.13 (7th Cir. 2003) citing *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002)). Here, while plaintiff has indeed produced a variety of materials in opposition to the motion, those materials are not admissible and, in any event, even if they were admissible they do not show that defendants have sufficient contacts with Arkansas to be sued *in personam*.

<u>EXHIBIT 1</u>

Exhibit 1 (R. Doc. 12-1) is an affidavit from the plaintiff. But, the affidavit contains inadmissible hearsay and double hearsay. See *Sealed Appellant 1 v. Sealed Appellee 1*, 625 F. App'x

628, 631 (5th Cir. 2015) (Affirming dismissal of complaint on personal jurisdiction grounds and explaining "To the extent the plaintiffs' evidence is hearsay and is directly contradicted by defendant[s'] affidavit[s], hearsay evidence will not defeat a motion for dismissal under Rule 12(b)(2).")  See also *Beydoun v. Wataniya Rests. Holding, Q.S.C.*, 768 F.3d 499, 506 (6th Cir. 2014) (stating in the context of a Rule 12(b)(2) motion: "In general, it is improper for a court to consider hearsay statements when ruling on a motion to dismiss" (citing *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)); *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1278 (11th Cir. 2009) (plaintiff could not use hearsay evidence to establish personal jurisdiction over the defendant when the hearsay statements were controverted by the defendant's affidavit).

At paragraphs 8 and 9 of plaintiff's affidavit, she makes reference to what a caller told her about the caller's purported relationship with "Safeguard" (hearsay) and to what a caller allegedly told her husband, who then apparently told plaintiff what the caller said to him (double-hearsay). For the avoidance of doubt, Paragraphs 8 and 9 do not refer to party admissions, because there is no competent evidence that the "caller" was employed by SafeGuard or was an agent of SafeGuard, and plaintiff states only that the caller indicated he "represented" SafeGuard or was selling SafeGuard products and services. And, the unrefuted Theriaque Affidavit (R. Doc. 9-1, paragraph 10) indicates that "SafeGuard does not engage in any outbound telemarketing and denies that it made the calls set forth in the Complaint." At paragraph 10 of her affidavit, plaintiff refers to a "basic internet search," but she does not indicate who conducted the basic internet search and she does not annex the documents associated with the "basic internet search" to her affidavit.

Accordingly, paragraphs 8, 9, and 10 of the affidavit should not be considered.

3

EXHIBIT 2

Exhibit 2 (R. Doc. 12-2) does not pertain to the corporate defendants in this suit, but instead pertains to a 2015 Arkansas licensing application by non-party, RG Secure Homes, Inc. While the documents were ostensibly signed by Ashish Bhatia in connection with his position with RG Secure Homes, Inc., nothing in the application refutes the averments in Mr. Bhatia's affidavit. (R. Doc. 9-2). To be clear, these documents are red-herrings inasmuch as Mr. Bhatia is only being sued in connection with his role with AHS, not his role with non-party RG Secure Homes, Inc., which is not alleged to have called the plaintiff. Even if non-party RG Secure Homes, Inc. obtained a license in Arkansas because Mr. Bhatia filled out an application on RG Secure Home Inc.'s behalf, there is still no record evidence that: 1) AHS had sufficient contacts with Arkansas; or b) Mr. Bhatia, as a corporate officer of AHS, engaged in tortious conduct in Arkansas in his AHS corporate capacity. *Ripplemeyer v. Nat'l Grape Coop. Assoc., Inc.*, 807 F. Supp. 1439, 1446 (W.D. Ark. 1992).

EXHIBIT 3

Exhibit 3 (R. Doc. 12-3) does not pertain to the corporate defendants in this suit, but instead pertains to a 2015 Arkansas licensing application by non-party, RG Secure Homes, Inc. Rule 901 of the Federal Rules of Evidence requires authentication of evidence "as a condition precedent to admissibility." Fed. R. Evid. 901. This requirement is satisfied by "evidence sufficient to support a finding that the matter in question is what its proponent claims." Id. Plaintiff has failed to submit any authenticating affidavit. Moreover, Exhibit 3 constitutes inadmissible hearsay and appears to have been signed by non-party Robert Boerner. See Fed. R. Evid. 801(c). In any event, nothing in the application refutes the averments in Mr. Bhatia's

affidavit or otherwise shows sufficient connections between the defendants and Arkansas.

### EXHIBIT 4

Exhibit 4 (R. Doc. 12-4) appears to include email correspondence pertaining to non-party RG Secure Homes, Inc.'s attempts to obtain a Certificate of Good Standing. Again, plaintiff has failed to submit and authenticating affidavit and nothing in this exhibit refutes the averments in Mr. Bhatia's affidavit or shows that: 1) AHS had sufficient contacts with Arkansas; and b) Mr. Bhatia, as a corporate officer of AHS, engaged in tortious conduct in Arkansas in his AHS corporate capacity. *Ripplemeyer v. Nat'l Grape Coop. Assoc., Inc.*, 807 F. Supp. 1439, 1446 (W.D. Ark. 1992).

### EXHIBIT 5

Exhibit 5 (R. Doc. 12-5), which is inadmissible hearsay, is a document that appears to be a Certificate of Liability Insurance (for a January 2015 to January 2016 claim period) listing the insured as non-party RG Secure Homes, Inc. As with the other exhibits, plaintiff has not even attempted to lay a foundation for this document. It is a seemingly stand-alone document unaccompanied by an affidavit and there is nothing about the document that is inherently reliable or self-authenticating. See, e.g. *Kelly v. U.S. Bank*, 2010 U.S. Dist. LEXIS 110127 (D. Or. July 30, 2010) (explaining that under FED. R. EV. 901(a), the authentication requirement is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims and striking documents that lack authenticating affidavits). This exhibit is inadmissible, but even if it were admitted, it does not refute the averments in Mr. Bhatia's affidavit. (R. Doc. 9-2).

### EXHIBIT 6

Exhibit 6 (R. Doc. 12-6), which is inadmissible hearsay, includes a 2015 email

correspondence among non-parties ostensibly pertaining to Arkansas licensure for non-party, RG Secure Homes, Inc. This exhibit is inadmissible, but even if it is deemed admitted, it does not refute the averments in Mr. Bhatia's affidavit. (R. Doc. 9-2).

**E**XHIBITS **7** AND **8**

Exhibit 7 (R. Doc. 12-7) appears to be an undated screenshot of a website indicating that non-party RG Secure Homes, Inc. has an Arkansas license. Exhibit 8 (R. Doc. 12-8) appears to be an undated screenshot from a website called "Glass Door" indicating that defendant SafeGuard is or was, at some point, seeking to hire a "Call Center Representative" in Springfield, Massachusetts. Again, Rule 901 of the Federal Rules of Evidence requires authentication of evidence "as a condition precedent to admissibility." Fed. R. Evid. 901. This requirement is satisfied by "evidence sufficient to support a finding that the matter in question is what its proponent claims." Id. Web-sites are not self-authenticating. *Sun Protection Factory, Inc. v. Tender Corp.*, 2005 U.S. Dist. LEXIS 35623, 2005 WL 2484710, slip op. at 6, n.4 (M.D. Fla. October 7, 2005). To authenticate printouts from a website, the party proffering the evidence must produce some statement or affidavit from someone with knowledge of the website, e.g., a web master or someone else with personal knowledge of the website's creation and operation. *In re Homestore.com, Inc. Sec.Litig.,* 347 F.Supp.2d 769, 782 (C.D. Cal. 2004) (quotations omitted); see also *St. Luke's Cataract & Laser Inst., P.A. v. Sanderson*, 2006 U.S. Dist. LEXIS 28873, *5, (M.D. Fla. May 12, 2006). *Fraserside IP, L.L.C. v. Youngtek Sols., Ltd.*, No. C11-3005-MWB, 2013 U.S. Dist. LEXIS 3779, at *44-45 (N.D. Iowa Jan. 10, 2013) (To authenticate printouts from a website, the party proffering the evidence must produce some statement or affidavit from someone with knowledge of the website for example [a] web master or someone else with personal knowledge

would be sufficient." Here, plaintiff has failed to satisfy Rule 901 with respect to Exhibits 7 and 8.

Moreover, postings from internet websites that are not statements made by declarants testifying at trial and are offered to prove the truth of the matter asserted are generally considered hearsay under Fed. R. Evid. 801. See *Univ. of Kan. v. Sinks*, 565 F. Supp. 2d 1216, 1230 (D. Kan. 2008) (recognizing the general rule that internet webpages are hearsay); *St. Clair v. Johnny's Oyster & Shrimp, Inc.*, 76 F. Supp. 2d 773, 774 (S.D. Tex. 1999) (excluding internet evidence submitted to prove that defendant actually owned a vessel, stating "any evidence procured off the Internet is adequate for almost nothing, even under the most liberal interpretation of the hearsay exception rules found in Fed. R. Civ. P. 807."); *United States v. Jackson*, 208 F.3d 633, 638 (7th Cir. 2000) (declining to admit web postings where defendant was unable to show that the postings were authentic, and holding that even if such documents qualified under a hearsay exception, they are "inadmissible if the source of information or the method or circumstances of preparation indicate a lack of trustworthiness"); *Novak v. Tucows, Inc.*, 2007 U.S. Dist. LEXIS 21269, *15-16, (E.D.N.Y. Mar. 26, 2007) (concluding that Internet Archive postings were hearsay). Plaintiff's Exhibit 8 is thus inadmissible hearsay.

Even setting aside the authentication and hearsay problems, these exhibits do not refute the averments in Mr. Theriaque's or Mr. Bhatia's affidavits. (R. Doc. 9-1; 9-2).

### III. PLAINTIFF'S OPPOSITION MEMORANDUM INCLUDES ASSERTIONS THAT ARE UNSUPPORTED OR CONTRADICTED BY THE EXHIBITS

As set forth above, plaintiff's exhibits are not admissible and, in any event, do not refute the averments in defendants' affidavits. Moreover, as set forth below, many of the assertions in plaintiff's opposition memorandum (R. Doc. 12) do not have record cites and are not supported

by her exhibits. And, some of plaintiff's assertions are actually contradicted by her exhibits. By way of example (these are illustrative, not exhaustive):

- At Paragraph 6 (under "Statement of Facts"), plaintiff states that SafeGuard "sell[s] alarm products and services nationwide." There is no record cite or record evidence for this assertion and this assertion is directly contradicted by the Theriaque Affidavit. (R. Doc. 9-1, paragraph 4).

- At Paragraph 7, plaintiff states that defendant AHS is "in the business of telemarketing for selling, installing, and servicing home alarm systems in Texas and Arkansas." There is no record cite or record evidence for this assertion and this assertion is directly contradicted by the Bhatia Affidavit. (R. Doc. 9-2, paragraph 18).

- Paragraph 15 references plaintiff's Affidavit (12-1), but plaintiff's assertions and her exhibit are at odds. For instance, notwithstanding assertions in the brief, there is no reference in plaintiff's affidavit to plaintiff being told that the company was "based in Dallas, Texas." Nor does plaintiff's affidavit indicate that a customer service representative "told Plaintiff that...the customer service phone number for his company was 1-800-491-7119." Rather, the affidavit indicates that a customer service number was provided to plaintiff's husband, who apparently relayed this information to plaintiff. (R. Doc. 12-1, paragraph 9).

- On Page 7, plaintiff asserts that "AHS maintained an Arkansas presence, had at least one Arkansas employee and held an Arkansas license issued by the Arkansas State Police." This is directly contradicted, not only by the Bhatia Affidavit, but

also by plaintiff's exhibits, which if anything, show that non-party RG Secure Homes, Inc. -- not AHS -- had an Arkansas license. (See R. Doc. 12-7).

- On Page 8, plaintiff asserts that "The callers were told by Plaintiff that she was not interested in their products or services, yet they continued to call." This statement is not supported by the plaintiff's affidavit and is, in fact, directly contradicted by plaintiff's own Complaint. (See R. Doc. 1, Paragraph 33) ("Interest was feigned by Plaintiff only in an attempt to identify the caller.")

Moreover, some of plaintiff's assertions make reference to a "Facebook page" (and to a non-existent, "Exhibit I") associated with a non-party company. But, that "Facebook page" -- which, as explained above, would be inadmissible anyway -- has not been annexed to plaintiff's opposition brief or otherwise included within plaintiff's exhibits.

Defendants' affidavits shifted the burden to plaintiff to produce evidence of personal jurisdiction. Plaintiff has utterly failed to satisfy her burden. Dismissal is, therefore, appropriate.

### IV. CONCLUSION

For the reasons herein and in the moving papers, plaintiff's Complaint must be dismissed pursuant to FRCP 12 (b)(2).

Respectfully submitted,

BARBER LAW FIRM PLLC
425 W. Capitol Avenue, Suite 3400
Little Rock, AR  72201
501-372-6175  /  501-375-2802 = fax

By:      /s/ J. Carter Fairley
         J. Carter Fairley #99068
         ATTORNEY FOR DEFENDANTS
         cfairley@barberlawfirm.com

CERTIFICATE OF SERVICE

  I, J. Carter Fairley, hereby state that on this 5th day of November, 2018, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following or otherwise be forwarded via U.S. Mail to all counsel of record herein.

Jason M. Ryburn, Esq.
Ryburn Law Firm
650 S. Shackleford Dr., Ste. 231
Little Rock, AR  72211
**Attorney for Plaintiff**

                */s/ J. Carter Fairley*
                J. Carter Fairley